UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:10-CR-0326-B-1 |
| | § | |
| JOSHUA WAYNE BEVILL, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| CHARLES DEAN WOMACK, | § | |
| Administrator of the Estate of Mary | § | |
| Elizabeth Womack, | § | |
| | § | |
| Garnishee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Charles Dean Womack's Claim for Exemptions (Doc. 103) and Dena Michelle Womack's Claim for Exemptions (Doc. 104),[1] which they filed in response to the United States's serving of a writ of garnishment upon Charles Dean Womack as independent administrator of the estate of Mary Elizabeth Womack (Doc. 99). The Court **DENIES** both claims for exemptions.

### I.

### BACKGROUND

On August 5, 2013, the Court entered judgment against Defendant Joshua Wayne Bevill based on his guilty plea to securities fraud. Doc. 81, J. 1. In this judgment, the Court ordered him to

---

[1] Because Ms. Womack did not indicate whether she requests a hearing on this matter, the Court assumes she does not request a hearing. *See* Doc. 104, Claim, 1.

pay $3,717,269.86 in joint-and-several restitution. *Id.* at 4.

Thereafter, the United States sought and received a writ of garnishment against Defendant Bevill under 18 U.S.C. § 3613 and 28 U.S.C. § 3205. Doc. 97, Ex Parte App. for Writ of Garnishment; Doc. 98, Order Granting App. for Writ of Garnishment. On April 29, 2020, the United States served the writ on the Garnishee, Charles Dean Womack in his capacity as independent administrator of Mary Elizabeth Womack's estate. Doc. 105, Certificate of Service, 1. Then, the United States served the garnishment process on Defendant Bevill, as well as three interested parties: Charles Dean Womack ("Mr. Womack"), Dena Michelle Womack ("Ms. Womack"), and Stephanie Hafner. *Id.* Included in the garnishment process was a Clerk's Notice of Exemptions, which listed property that may be exempt from garnishment. *Id.*; *see* Doc. 99-1, Clerk's Notice, 1–4. One listed exemption was "[f]uel, provisions, furniture, and personal effects that do not exceed $9,540." Doc. 99-1, Clerk's Notice, 2 (citing 26 U.S.C. § 6334(a)(2),(g)).

The Garnishee responded to the writ of garnishment by attaching an affidavit of heirship, which states Defendant Bevill's interest in the estate of Mary Elizabeth Womack. *See* Doc. 101, Garnishee's Resp., Ex. A (J. Declaring Heirship), 1–2. Moreover, the Garnishee explained in his response that he "does not object to the United States's Writ of Garnishment but does reserve all rights granted to him as an undivided owner of assets belonging in part to the Estate of Mary Elizabeth Womack and as a surviving spouse of Mary Elizabeth Womack" under Texas law. Doc. 101, Garnishee's Resp., 2.

Subsequently, Mr. Womack[2] and Ms. Womack filed claims for exemptions, asserting that the

---

[2] Because Mr. Womack appears to make this claim individually, rather than in his capacity as independent administrator, the Court refers to him as "Mr. Womack" rather than "the Garnishee" when

United States is withholding property exempt under "26 U.S.C. 6334(a)(2)(g)." Docs. 103–04, Claims for Exemption. Given that the Clerk's Notice of Exemptions lists one exemption as "[f]uel, provisions, furniture, and personal effects that do not exceed $9,540" and cites "26 U.S.C. § 6334(a)(2),(g)" in support, Doc. 99-1, Clerk's Notice, 2, the Court assumes Mr. and Ms. Womack are arguing that the property the United States wants to garnish is exempt under 26 U.S.C. § 6334(a)(2),(g). In response to these claims, the United States explains that it does not seek to garnish any "furniture or personal effects," nor does it attempt to garnish any portion of Mr. or Ms. Womack's interest in the estate of Mary Elizabeth Womack. Doc. 106, Gov't's Resp., 5. Rather, "the United States seeks only to garnish [Defendant Bevill's] interest in the Estate property held by garnishee . . . ." *Id.* Further, the United States contends that to the extent Mr. or Ms. Womack seek an exemption on behalf of Defendant Bevill, they lack standing to do so. *See id.*

To ascertain the intent behind Mr. and Ms. Womack's claims, the Court then ordered them to file a reply brief by August 7, 2020, "clarifying whether they seek to claim an exemption to the writ of garnishment in light of the fact that the Government is not seeking to garnish either of their interests in the estate property." Doc. 106, Order for Reply Br., 2. The order further instructed Mr. and Ms. Womack that if they seek an exemption on Defendant Bevill's behalf, they should state in reply the "statutory basis for the asserted exemption" and their basis for standing. *Id.*

Mr. Womack timely filed his reply, which indicated that as the Garnishee, Mr. Womack "has withheld and retained all property . . . in which [Defendant Bevill] has a substantial nonexempt interest and which is a part of the Estate of Mary Elizabeth Womack." Doc. 109, Reply, 1. Moreover,

---

analyzing his claim for exemption.

Mr. Womack indicated that he "does not seek to claim an exemption to the Writ of Garnishment on behalf of" Defendant Bevill. *Id.* Ms. Womack did not file a reply brief. Accordingly, the Court assumes that she does not seek to claim an exemption on Defendant Bevill's behalf. Thus, the Court need only evaluate whether Mr. Womack and Ms. Womack are entitled to claims for exemptions under § 6334(a)(2),(g).

## II.

## LEGAL STANDARD

When a court orders a criminal defendant to pay restitution, the Government obtains a federal tax lien on the defendant's property until the restitution order expires or is satisfied. 18 U.S.C. § 3613(c). This lien allows the Government to enforce the judgment "against all property or rights to property of the person fined," subject to certain exemptions. *Id.* § 3613(a); *see United States v. Decay*, 620 F.3d 534, 541 (5th Cir. 2010) ("The only property exempt from garnishment under § 3613(a) is property that the government cannot seize to satisfy the payment of federal income taxes." (citing § 3613(a))). For example, the property described by 26 U.S.C. § 6334(a)(2) is exempt from garnishment. *See* § 3613(a)(1). The claimant has the burden of establishing that one of the exemptions applies. *See United States v. Gaudet*, 187 F. App'x 410, 412 (5th Cir. 2006) (per curiam) (unpublished) (citation omitted).

## III.

## ANALYSIS

The Court denies Mr. and Ms. Womack's claims, because they are claiming an exemption for interests that the United States does not seek to garnish.

As explained above, Mr. and Ms. Womack are not asserting claims for exemptions on behalf

of Defendant Bevill. *See supra* at 4. Thus, the Court is examining whether Mr. and Ms. Womack, as Defendant Bevill's co-heirs, are entitled to an exemption. But Mr. and Ms. Womack have presented no evidence that the United States is attempting to garnish *their* interests in the estate of Mary Elizabeth Womack. Indeed, the United States indicates that it "seeks only to garnish [Defendant Bevill's] interest in the Estate property held by garnishee . . . ." Doc. 106, Gov't's Resp., 5; *see* Doc. 99, Writ of Garnishment, 1 (explaining that the United States "seek[s] substantial nonexempt property belonging to or due defendant-judgment debtor, Joshua Wayne Bevill"). Given that the United States is not attempting to garnish Mr. Womack's or Ms. Womack's interest in the estate, they have failed to demonstrate that they are entitled to an exemption in the property sought to be garnished.

Accordingly, the Court **DENIES** Mr. Womack's and Ms. Womack's Claims for Exemptions (Docs. 103 & 104).

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Womack's and Ms. Womack's Claims for Exemptions (Docs. 103 & 104).

**SO ORDERED.**

**SIGNED: August 13, 2020.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE